UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMIN FELDER,

                                                              Plaintiff,

    vs.                                                                          9:17-CV-761
                                                                                                    (GTS/ATB)

FNU THOMAS, et al.

                                                            Defendant.

_____

JAMIN FELDER, Plaintiff pro se
TIMOTHY P. MULVEY, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION**

       This matter has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). In this civil rights complaint, plaintiff alleges that her rights under the United States Constitution and state law were violated when she was sexually harassed and assaulted while incarcerated in the Marcy Correctional Facility ("Marcy"). (Dkt. No. 4, "Am. Compl.").

       Presently before the court is defendants' motion to dismiss plaintiff's complaint based on a failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 26). Plaintiff has not responded to this motion, and for the following reasons, this court agrees with the defendants and will recommend dismissal of the complaint.

**I.    Relevant Facts and Procedural History**

       I will briefly review the facts relevant to this proceeding. Plaintiff, through her former legal counsel, asserted in her August 17, 2017 amended complaint that, while

housed at Marcy, she was sexually harassed and assaulted by defendant Rogers. (Am. Compl. ¶¶ 49-70). She further asserted that defendant Thomas and other correctional officials condoned and ratified policies that made gay and transgender inmates vulnerable to sexual harassment and abuse from correctional personnel. (Am. Compl. ¶ 85).

This court held an initial conference with counsel in this matter on October 13, 2017. (Text Minute Entry dated October 13, 2017). During that conference, counsel advised that plaintiff had "absconded" from DOCCS custody prior to the commencement of this action. (*Id.*) In light of plaintiff's status, this court deferred setting a pretrial schedule, but authorized defense counsel to notice plaintiff's deposition through her attorney. (Dkt. No. 15).

In accordance with my order, defendants' counsel served plaintiff's counsel with a notice to take plaintiff's deposition on November 15, 2017. (Dkt. No. 26-1, "Mulvey Decl." ¶ 7; Dkt. No. 26-3, Ex. B to Mulvey Decl.). On November 8, 2017, plaintiff's counsel advised defendants that plaintiff was hospitalized with a broken leg, and that she would update them on her availability for a deposition. (Dkt. No. 26-4, Ex. C to Mulvey Decl.). On November 13, 2017, plaintiff's counsel advised defendants that plaintiff was awaiting surgery on her leg injury and would be unable to travel for a deposition. (Dkt. No. 26-5, Ex. D to Mulvey Decl.).

On December 19, 2017, this court held a telephonic status conference with counsel. (Text Minute Entry dated December 19, 2017). Plaintiff's counsel advised that plaintiff was still in "absconder" status from DOCCS custody, but planned to turn herself in once she had completed rehabilitation for her leg injury. (*Id.*) Due to plaintiff's unsettled custodial status, this court again declined to set a schedule in this

proceeding. (*Id*). Instead, I issued a text order dated December 19, 2017, advising plaintiff that, if she did not return to DOCCS custody on or before January 5, 2018, that this court would grant defense counsel leave to notice plaintiff's deposition. (Dkt. No. 19). I further warned plaintiff that if her deposition was noticed, her failure to attend could result in the imposition of sanctions, including the possible dismissal of her action. (*Id*.)

On January 8, 2018, this court held another telephone status conference with counsel. (Text Minute Entry dated January 8, 2018). Plaintiff's counsel advised that plaintiff had not returned to DOCCS custody. (*Id*.) Accordingly, I issued a text order that if plaintiff did "not appear at a deposition, at a time mutually agreeable to all parties in Syracuse before 2/9/2018, defense counsel is granted leave to file a motion for sanctions or a motion to dismiss." (Dkt. No. 20). This order further warned plaintiff that "her failure to attend the deposition as noticed may result in the imposition of sanctions, including the possible dismissal of her action." (*Id.*)

Plaintiff did not respond to defendants' deposition request. (Mulvey Decl. ¶ 13). On February 13, 2018, defendants moved for dismissal for lack of prosecution. (Dkt. No. 21). On February 20, 2018, this court held a telephonic conference with counsel. (Text Minute Entry dated February 20, 2018). Plaintiff's counsel advised the court that plaintiff had ceased communicating with her. (*Id*.) This court granted plaintiff counsel's request to file a motion to withdraw, upon notice to plaintiff.

On March 15, 2018, plaintiff's counsel filed a motion to withdraw, citing plaintiff's refusal to communicate with her since on or about January 8, 2018, and served copies on plaintiff by Federal Express and email. (Dkt. Nos. 22; 22-2, ¶ 7). Plaintiffs made no response. Defendants did not oppose this motion. (Dkt. No. 23). I

3

issued a text order dated March 15, 2018, granting the motion to withdraw. (*Id*.) In that same order, I directed plaintiff (through contact information provided by former counsel) to appear at an in-person conference, or to have new counsel appear on her behalf. (*Id*.) I further ordered plaintiff to provide updated contact information to the clerk. Finally, I warned plaintiff that "her failure to appear at the status conference, to provide updated contact information, or to otherwise continue to disobey the directives of this court may result in the imposition of sanctions, including possible dismissal of her action." (*Id*.) In light of the withdrawal of counsel and my related order, defendants withdrew their motion to dismiss for failure to prosecute. (Dkt. No. 24).

On March 20, 2018, I ordered plaintiff to provide the clerk with her current telephone number and address, no later than March 26, 2018, and to appear at a status conference scheduled for March 29, 2018. (Dkt. No. 25). In that order, I warned plaintiff "that her failure to appear at the status conference, to provide updated contact information, or to otherwise continue to disobey the directives of this court may result in the imposition of sanctions, including possible dismissal of her action." (*Id*.)

The clerk sent my March 15, 2018 and March 20, 2018 orders to plaintiff by regular mail and email. (Dkt. No. 25). Plaintiff did not appear at the March 29, 2018 conference. Instead, plaintiff responded to the clerk's email and stated "Please stop all correspondence in reference to this matter thanks." (Docket Annotation dated March 29, 2018). Accordingly, this court advised defendants that they may renew or supplement their motion to dismiss for failure to prosecute. (*Id*.) On March 30, 2018, plaintiff filed the present motion to dismiss for lack of prosecution. (Dkt. No. 26). Defendants served a copy of this motion on plaintiff's last known address by regular mail. (Dkt. No. 27). To date, plaintiff had made no further contact with the court.

## II. Motion to Dismiss

### A. Legal Standards

#### 1. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. "The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added) (collecting cases). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have her day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme

5

situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.  Application**

Copies of this court's March 15, 2018 and March 20, 2018 Orders were served by regular mail and email to plaintiff's last known mailing address and email address, as provided by her former legal counsel. (Dkt. No. 25). Plaintiff's only response was a request that the clerk "Please stop all correspondence" in this matter. (Docket Annotation dated March 29, 2018). Defendants served a copy of the present motion to dismiss on plaintiff by regular mail at her last known address, on March 30, 2018. (Dkt. No. 27). To date, plaintiff has not responded.

Plaintiff has been uncooperative in discovery and unresponsive to this court's orders since the Amended Complaint was filed in August 2017. Her refusal to cooperate has delayed the court from even issuing a scheduling order in this matter. (Dkt. No. 15). In my Orders dated December 19, 2017, January 8, 2018, March 15, 2018, and March 20, 2018, I warned plaintiff that her refusal to cooperate may result in the imposition of sanctions, including possible dismissal of her action. (Dkt. No. 19, 20, 23, 25). In light of plaintiff's refusal to communicate with her former legal counsel, her failure to comply with defendants' deposition requests, her repeated refusal to comply with this court's orders, and her request to the clerk to "stop all correspondence," this court may reasonably presume that plaintiff has lost interest in pursuing this action. *See* Local Rules N.D.N.Y. 41.2(a) ("plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution").

This case cannot proceed without plaintiff's participation. This court, therefore, recommends dismissal of plaintiff's complaint. I have considered lesser sanctions, but find that none will solve the problem. Plaintiff has ignored multiple court orders to

update her contact information, cooperate with defendants' deposition requests, and appear for status conferences.  In addition, plaintiff's "absconder" status makes it unlikely that she will voluntarily appear at a deposition, court conference, or trial in the future.[1]  Therefore, the only recourse for this court is to recommend dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendant's motion to dismiss for failure to prosecute (Dkt. No. 26) be **GRANTED**, and the complaint be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:     October 3, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[1] In light of plaintiff's absconder status, dismissal could also be warranted under the "fugitive disentitlement doctrine," which is premised upon "the impropriety of permitting a fugitive to pursue a [civil] claim in federal court where [she] might accrue a benefit," while at the same time avoiding a criminal proceeding that might sanction her.  *Collazos v. United States*, 368 F.3d 190, 197 (2d Cir. 2004).  However, the Supreme Court and the Second Circuit, in analyzing this doctrine, have held that the situation is better handled under the district court's "usual authority to manage discovery in a civil suit," . . . and impose "the same sanctions [to the fugitive] as any other uncooperative party."  *See Sorokin v. New York County Dist. Atty's Office*, 535 F. App'x 3, 7 (2d. Cir. 2013) (citing *Degen v. United States*, 517 U.S. 820, 827-28 (1996)).  Accordingly, this court's recommendation is premised solely on F.R.C.P. 41(b).